UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY ROSS DEEGAN, III,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, HIGH DESERT STATE PRISON,<br><br>Respondent. | No. 2:17-cv-0604 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Currently before the court is petitioner's motion to amend the petition. ECF No. 16. For the reasons explained below, the undersigned recommends that the motion be denied.

I. Factual and Procedural Background

In 2014, petitioner was convicted of threatening a judge and criminal threats, and he was sentenced to nine years in prison. ECF No. 1 at 1; ECF No. 16 at 2.

A. Direct Review

Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed the judgment on September 13, 2016. ECF No. 1 at 2; ECF No. 13-1 at 20. Petitioner then petitioned for review in the California Supreme Court, and review was denied on November 30, 2016. ECF No. 1 at 2, 136. Petitioner did not petition the United States Supreme Court for certiorari. Id. at 3.

1

B.     State Collateral Review

On April 7, 2019,[1] petitioner filed a pro se petition for writ of habeas corpus in the Placer County Superior Court.  ECF No. 19 at 4-11.  On May 8, 2019, the court denied the petition, citing In re Waltreus, 62 Cal. 2d 218, 225 (1965) ("These arguments were rejected on appeal, and habeas corpus ordinarily cannot serve as a second appeal.").  ECF No. 19 at 13-20.

C.     Federal Petition

The petition in this case was filed on March 11, 2017, and challenges petitioner's conviction on the grounds that there was insufficient evidence to support the conviction and that the trial court erred in excluding evidence of his PTSD and poor impulse control.  ECF No. 1 at 5, 7, 16.

II.    Motion to File an Amended Petition

On July 6, 2019, petitioner filed a separate pro se petition in the United States District Court for the Northern District of California, challenging the same conviction.  ECF No. 16.  That petition was transferred to this court and docketed as a new action: Deegan v. Spearman (Deegan II), No. 2:19-cv-1356 KJM GGH P.  The judge in Deegan II construed the petition as a motion to amend the petition in this action and ordered the petition filed in this case.  Deegan II, ECF Nos. 8, 9.

The proposed amended petition does not include either claim contained in the original petition and instead includes three other grounds for relief, namely, ineffective assistance of counsel due to trial counsel's failure to investigate petitioner's mental competence; a violation of petitioner's right to a jury trial on the issue of whether he had a prior felony conviction for a serious offense, which resulted in an illegal five-year enhancement; and violation of petitioner's right to a jury trial on the issue of whether petitioner had a second strike, resulting in an illegally increased sentence.  ECF No. 16 at 3-5.

////

---

[1] Petitions filed while petitioner was proceeding pro se are entitled to application of the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

Respondent opposes petitioner's motion to file an amended petition on the grounds that the proposed new claims are untimely and unexhausted. ECF No. 18 at 3-5. He argues that, without tolling, petitioner had until February 28, 2018, to file a petition in federal court. Id. at 3. Respondent further asserts that petitioner did not file any state collateral actions within the limitations period and, as a result, is not entitled to tolling. Id. at 3-4. Therefore, since the proposed amended petition was not filed until July 6, 2019,[2] the claims are untimely and now barred. Id. Respondent further argues that the proposed new claims have not been fairly presented to the California Supreme Court and are therefore unexhausted. Id. at 4-5.

Despite requesting and being granted additional time to reply to respondent's opposition, ECF Nos. 20, 22, petitioner did not file a reply and the time for doing so has passed.

III.     Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (citation omitted).

    A.     Applicable Trigger Date

Under the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute provides four alternate trigger dates for commencement of the limitations period. Id. In most cases, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, petitioner appealed the appellate court's order to the California Supreme Court, and he did not submit a petition for writ of certiorari to the Supreme Court of the United States. ECF No. 1 at 2-3. His conviction therefore became final at the expiration of the ninety-

---

[2] Respondent identifies the filing date as July 12, 2019, ECF No. 18 at 3, but this date does not reflect application of the prison mailbox rule, see supra note 1.

3

1 day period to seek certiorari immediately following the decision of the state's highest court. <u>Clay v. United States</u>, 537 U.S. 522, 528 n.3 (2003) (citations omitted); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). The California Supreme Court denied direct review of petitioner's conviction on November 30, 2016. ECF No. 1 at 136. The conviction therefore became final on February 28, 2017, and the AEDPA's one-year clock began on March 1, 2017. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Accordingly, based on the date conviction became final, petitioner had until February 28, 2018, to file a federal habeas corpus petition.

Petitioner appears to claim that he is entitled to a later trigger date based on new rulings by the United States and California Supreme Courts. ECF No. 16 at 8. Pursuant to § 2244(d)(1)(C), a petitioner is entitled to a later trigger date if a constitutional right is newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. In those cases, the limitations period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(C). However, none of the opinions that petitioner cites as supporting authority for his new claims were issued after his conviction became final except <u>People v. Gallardo</u>, 4 Cal. 5th 120 (2017), ECF No. 16 at 3-5, and <u>Gallardo</u> does not entitle petitioner to a later trigger date because it is not a decision of the United States Supreme Court.

Accordingly, the applicable trigger date for the limitations period is February 28, 2017, and petitioner had until February 28, 2018, to file a federal habeas corpus petition. Because the proposed amended petition was not filed until July 6, 2019, the new claims are untimely unless petitioner is entitled to statutory or equitable tolling, or the claims relate back to the claims in the original pleading.[3]

////

////

---

[3] Respondent concedes that the original petition appears to have been timely filed. ECF No. 13 at 10, ¶ 2.

4

B. <u>Statutory Tolling</u>

The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>overruled on other grounds by</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 225 (2002). "[S]ection 2244(d) does not permit the reinitation of the limitations period that has ended before the state petition was filed." <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted). In other words, once the limitations period has expired, a subsequent state petition cannot revive it. <u>Id.</u> Here, petitioner did not file his first state petition until April 7, 2019—over a year after the federal statute of limitations expired on February 28, 2018. Thus, this state petition cannot revive or toll the federal statute of limitations, and petitioner is not entitled to statutory tolling.

C. <u>Equitable Tolling</u>

A habeas petitioner is entitled to equitable tolling of the AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). Petitioner does not allege any facts showing that an extraordinary circumstance stood in his way to prevent timely filing of his habeas petition, nor has he shown that he has diligently pursued his rights. Accordingly, the claims in the proposed amended petition are untimely unless they relate back to the claims in the original petition.

D. <u>Relation Back</u>

Amendment to add new claim outside the limitations period is nonetheless permissible "if the new claim shares a 'common core of operative facts' with the claims in the pending petition." <u>King v. Ryan</u>, 564 F.3d 1133, 1141 (9th Cir. 2009) (quoting <u>Mayle v. Felix</u>, 545 U.S. 644, 659 (2005)). A new claim will not be found to "'relate back' to the filing of an exhausted petition

5

1  simply because it arises from 'the same trial, conviction, or sentence.'" Id. (quoting Mayle, 545
2  U.S. at 662-64).  Further, a claim "does not relate back (and thereby escape AEDPA's one-year
3  time limit) when it asserts a new ground for relief supported by facts that differ in both time and
4  type from those the original pleading set forth."  Mayle, 545 U.S. at 650, 657 (holding that a
5  claim relating to petitioner's pretrial statements and a claim arising from videotaped witness
6  statements presented at trial do not arise from a common core of operative facts).  Here, because
7  petitioner's proposed claims of ineffective assistance of counsel ("IAC") and violation of his right
8  to a jury trial do not relate back to either of the two claims in his original petition, they are
9  untimely.

10  The two claims raised in the original petition are that there was insufficient evidence to
11  support petitioner's conviction and that the trial court erred by excluding evidence of his PTSD
12  and poor impulse control.  ECF No. 1 at 5, 7.  The proposed amended petition, on the other hand,
13  asserts IAC based on trial counsel's failure to investigate and violations of petitioner's right to a
14  jury trial.  ECF No. 16 at 3-5.

15  The first proposed new ground alleges that petitioner's trial counsel was ineffective for
16  failing to investigate and procure evidence of his mental competence.  ECF No. 16 at 3.  This
17  claim derives from facts that differ in both time and type from the claims set forth in the original
18  petition.  While petitioner's IAC claim is based on allegations that his counsel did not investigate
19  his competency and present competency evidence through an expert witness, id., his original
20  challenge to the sufficiency of the evidence is based on the totality of the evidence that was
21  actually presented at trial, ECF No. 1 at 5, 39-55, 77-88, 125-31.  The IAC claim would
22  necessarily involve conduct that occurred outside of the trial and evidence that counsel failed to
23  identify and obtain, while the sufficiency claim relates to evidence that was actually presented at
24  trial.  For similar reasons, petitioner's IAC claim fails to relate back to his claim that the trial
25  court erred by excluding evidence of his PTSD and poor impulse control.  Though both claims
26  relate to evidence of petitioner's state of mind, the proposed claim addresses how trial counsel
27  failed to thoroughly investigate and obtain evidence on the issue, ECF No. 16 at 3, while the
28  ////

1 original claim relates to the trial court's exclusion of the evidence that petitioner did try to submit,
2 ECF No. 1 at 7, 55-66, 89-93, 132-34.

3     Petitioner also proposes two jury trial claims in which he alleges that he was denied a jury
4 trial on the issue of whether he had a prior felony conviction for a serious offense and on the issue
5 of whether he had a second strike. ECF No. 16 at 4-5. The claims derive from petitioner's
6 contention that the sentencing judge, rather than a jury, decided that he had previously been
7 convicted of a serious felony and had already accrued two strikes. Id. These claims do not share
8 a common core of operative fact with either of the claims raised in the original petition because
9 they are based on allegations that the sentencing judge improperly made factual findings related
10 to petitioner's *prior* convictions, while his challenges to the sufficiency of the evidence and
11 allegedly improper exclusion of evidence are based on evidence relating to his *current* conviction.
12 The jury trial claims also derive from conduct that occurred at sentencing, while the original
13 claims relate to conduct that occurred at trial. The proposed new claims therefore "depend upon
14 separate transactions and do not share a common core of operative fact." Hebner v. McGrath,
15 543 F.3d 1133, 1139 (9th Cir. 2008) (holding that claims relating to the admission of evidence at
16 trial and jury instructions given after the close of evidence did not share a common core of
17 operative facts).

18     In sum, because the proposed IAC and jury trial claims were first presented to this court
19 after the federal one-year statute of limitations expired and do not relate back to the claims in the
20 original petition they are time-barred. Because the claims are time-barred, the motion to amend
21 should be denied.

22     IV.    <u>Exhaustion</u>

23     The exhaustion of state court remedies is a prerequisite to the granting of a petition for
24 writ of habeas corpus unless "there is an absence of available State corrective process" or
25 circumstances make the process ineffective to protect a petitioner's rights. 28 U.S.C.
26 § 2254(b)(1). This requirement "gives states 'the first opportunity to address and correct alleged
27 violations of state prisoner's federal rights.'" Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir.
28 2008) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). "To exhaust a constitutional

claim, the claim must be 'fairly present[ed]' in state court to provide the state courts an opportunity to act on them." Dickens v. Ryan, 740 F.3d 1302, 1318 (9th Cir. 2014) (alteration in original) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)).  Exhaustion also requires that federal claims are presented to "each appropriate state court," Wooten, 540 F.3d at 1025 (citing Baldwin v. Reese, 541 U.S. 27, 29 (2004)), including discretionary review by the state's highest court, O'Sullivan v. Boerckel, 526 U.S. 838, 845, 848 (1999).

Here, petitioner has not exhausted his proposed amended claims because he has not fairly presented them to highest state court.  On direct appeal, petitioner did not present any of the proposed claims in his petition for review by the California Supreme Court.  ECF No. 1 at 120-34.  While petitioner does appear to have presented his proposed claims to the Placer County Superior Court on a petition for writ of habeas corpus, ECF No. 16 at 9-16, he did not thereafter seek review from the California Supreme Court, id. at 7.  Accordingly, petitioner has not fairly presented the proposed new claims to the highest state court and they are not exhausted.

Non-exhaustion of state court remedies, like untimeliness, means that relief cannot be granted on the proposed claims regardless of their merits.  Accordingly, leave to amend should be denied.

    V.       Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your motion to amend be denied, because your new claims were filed too late and you did not file them in the California Supreme Court before filing them in federal court.

## CONCLUSION

For all the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's motion to file an amended petition, ECF No. 16, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 18, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE